# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11-CR-0100-CVE |
| SAMMY JOE PERRYMAN, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Continuance of Trial Scheduled for December 19, 2011 (Dkt. # 37). Defendant requests a 60 to 90-day continuance of the jury trial currently set for December 19, 2011, and the government does not oppose defendant's motion. Defendant stated that he would be executing an additional speedy trial waiver. See Dkt. # 37 at 3.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not

be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends-of-justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances of this case. This Court has previously declared this case complex (see Dkt. # 13). Furthermore, defendant's counsel states that he has just recently become aware that there are relevant financial records and telephone records which were not included in the government's 22,000 page document production. The Court finds that it would be unreasonable to expect defense counsel to obtain and review this additional discovery and prepare for trial in the time provided by the Speedy Trial Act. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all

criminal cases, this interest must be balanced against the defendant's interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Continuance of Trial Scheduled for December 19, 2011 (Dkt. # 37) is **granted**. The jury trial set for December 19, 2011 at 9:30 a.m. is **stricken**, and **jury trial is reset for March 19, 2012 at 9:15 a.m.**

**IT IS FURTHER ORDERED that the time between December 19, 2011 and March 19, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 23rd day of November, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT