# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CR-0100-CVE |
| SAMMY JOE PERRYMAN, a/k/a "Sam Perryman," | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Severance of Counts One through Seven from Counts Eight through Eleven (Dkt. # 52). The government has filed a response in opposition (Dkt. # 60).

On July 13, 2011, defendant was charged in an eleven count indictment. Dkt. # 2. Counts One and Two involve the alleged arson of a health club owned by defendant. Counts Three through Seven allege mail fraud in relation to defendant's attempt to recover property insurance proceeds for the health club. Count Eight charges defendant with bankruptcy fraud concerning the sale of the health club property and concealment of proceeds. Counts Nine through Eleven charge defendant with money laundering related to the proceeds of the sale of the health club property. Defendant seeks to sever Counts One through Seven (the arson counts) from Counts Eight through Eleven (the bankruptcy counts). Defendant alleges that these two sets of counts are improperly joined under Fed. R. Crim. P. 8 or, in the alternative, their joinder is prejudicial under Fed. R. Crim. P. 14.

In May 2005, the defendant filed a Chapter 7 bankruptcy proceeding in his personal capacity. The government alleges that he did not fully disclose his interest in the Tulsa Athletic Club (the

health club), formerly located at 5122 South Vandalia Avenue in Tulsa, Oklahoma, and the adjoining real estate. The government claims that the defendant conducted his financial affairs using a number of separate entities, but that substantial evidence exists to suggest that the defendant controlled operation of the health club. On January 22, 2006, the health club was completely destroyed by a fire, allegedly due to arson. The government alleges that the defendant and his related entities were all in "extreme financial distress" as of the date of the arson and that, after the fire, the defendant filed a false and fraudulent claim with the Hartford Fire Insurance Company. The government claims that the defendant then attempted to dismiss his bankruptcy proceedings, in part because he expected to receive a substantial settlement from Hartford that would allow him to satisfy all of his creditors. Dkt. # 60 at 2-3. The defendant's attempt to dismiss was unsuccessful, and the defendant amended his bankruptcy schedules to include the property at 5122 South Vandalia. Id. The government claims that on or about November 15, 2006, while still in bankruptcy, the defendant sold the property for $875,000, without notice to or consent from anyone associated with his bankruptcy, and without disclosing the bankruptcy to anyone connected with the sale. The government alleges that defendant paid off his mortgages and personally kept approximately $91,675.08 from the sale of that property. The money laundering counts against the defendant all relate to the defendant's utilization of the proceeds from his alleged bankruptcy fraud.

Rule 8(a) of the Federal Rules of Criminal Procedure broadly allows joinder of offenses in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 is construed "broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Johnson, 130 F.3d

1420, 1427 (10th Cir. 1997). The first and third rationales for joinder are present in this case. The arson counts involve allegations that defendant attempted to defraud Hartford in order to unlawfully gain proceeds from the health club property. The bankruptcy counts likewise allege that defendant attempted to defraud the bankruptcy court, the bankruptcy trustee, and his creditors in order to unlawfully gain proceeds from the health club property. Thus, these offenses are similar in character as they both involve fraud in an attempt to unlawfully extract proceeds from the same property. The offenses are also allegedly part of a common scheme or plan. The government's case is that defendant was experiencing financial difficulties and that, in an attempt to alleviate that hardship, he attempted to extract funds from the health club property. The government also alleges that defendant committed bankruptcy fraud and attempted to dismiss his bankruptcy proceeding because he anticipated using the insurance proceeds to discharge his debts. These sets of counts are properly joined because the offenses, if proved, are of a same or similar nature and they are part of a common scheme or plan.

Defendant next argues that the joinder of these sets of counts is prejudicial. Even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14. "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." United States v. Hollis, 971 F.2d 1441, 1456. "The decision whether to grant or deny severance is within the sound discretion of the trial court . . . ." United States v. Cardall, 885 F.2d 656, 667 (10th Cir. 1989).

3

Defendant argues that he will be prejudiced because "the jury would tend to cumulate the evidence of the crimes charged to find guilt when it would not have found guilt had the counts and evidence pertinent to each count been considered separately." Dkt. # 52 at 15. However, the Tenth Circuit has repeatedly held that a district court is not required to sever counts simply because the cumulative effect of evidence of similar misconduct might prejudice the defendant. See Hollis, 971 at 1457 (10th Cir. 1992); United States v. Valentine, 706 F.2d 282, 290 (10th Cir. 1983) ("[T]he mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance."). Nor does Fed. R. Crim. P. 14 require the trial court to sever separate counts simply because the government's evidence is stronger on some counts than on others. See United States v. Cox, 934 F.2d 1114, 1120 (10th Cir.1991). Moreover, defendant has not shown that evidence related to one set of counts would not be admissible in a separate trial of the other set of counts either for relevant background, credibility, impeachment, or under Fed. R. Evid. 404(b) to show motive, intent, or for some other proper purpose. Defendant has failed to show that a single trial would result in prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Severance of Counts One through Seven from Counts Eight through Eleven (Dkt. # 52) is **denied**.

**DATED** this 16th day of February, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT